IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEONAL A. GARCÍA-GARCÍA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORP., ET AL.,<br><br>Defendants. | CIV. NO.: 14-1727(SCC) |

**MEMORANDUM AND ORDER**

Pending are numerous discovery-related motions filed by Plaintiffs, along with a motion by Costco seeking to compel Plaintiffs to conduct certain depositions. Below, I briefly consider the motions individually.

1. **Plaintiffs' Motion to Renew Plaintiffs' Motion to Compel (Docket No. 35)**

On April 21 and in response to Plaintiffs' first motion to compel, the Court held a brief telephone conference and ordered Costco to respond to written discovery within ten

days. Docket No. 34. Production was thus due on May 1, 2015, and on that day Costco did respond to Plaintiffs' interrogatories and requests for production. However, the production was incomplete insofar as it did not include a CD containing substantial electronic discovery. That CD was instead sent to Plaintiffs on May 4, 2015, the same day Plaintiffs filed this motion.

Plaintiffs request severe sanctions, asking that Costco be barred from supporting numerous affirmative defenses. To be sure, Costco was late in responding to Plaintiffs' requests: if it could not produce the documents by May 1, 2015, it needed either Plaintiffs' consent or this Court's permission, but it obtained neither. However, the CD was sent just days later, and so Plaintiffs cannot seriously be thought to have suffered any prejudice from the minimally late production. Sanctions are thus appropriate, but minimal ones: Costco shall pay Plaintiffs $250 as attorneys' fees for the drafting of the motion to compel.

Plaintiffs also request that Costco's objections to various interrogatories be deemed waived, as Costco's objections were untimely. Plaintiffs are wrong, however, in calling the objections—which were filed within the Court's extended

deadline—untimely. The objections are therefore valid, and if Plaintiffs dispute their validity they must first meet and confer with Costco before bringing the matter to the Court's attention again. The motion is thus GRANTED IN PART and DENIED IN PART.

## 2. Plaintiffs' Third Motion Requesting Sanctions (Docket No. 39)

In this motion, Plaintiffs complain that the CD containing the electronic production was encrypted and not in a format of their liking. Quite simply, Plaintiffs have no excuse for seeking the Court's intercession on this point without first seeking to resolve it with Defendants. Indeed, the issue was in fact resolved, and the production was re-submitted in an unecrypted format.

As to Plaintiffs' complaints about organization of the documents, the production was accompanied by an index, which was then updated to include information after Plaintiffs made their initial complaint. *See* Docket No. 43. The initial production seems to have been suitable, and the updated index (about which Plaintiffs also gripe) certainly cannot be said to have prejudiced Plaintiffs. Plaintiffs' motion is DENIED and Costco's informative motoin, Docket No. 43, is NOTED.

### 3. Costco's Motion Requesting Plaintiff be Compelled ot Appear at His Deposition (Docket No. 45)

Costco apparently scheduled a deposition of Plaintiff for tomorrow, May 27, 2015, as well as two additional fact depositions for the following day. Citing Costco's "incomplete" production, Plaintiffs maintain that they cannot properly defend the depositions at this time. In fact, Costco *has* substantially complied with its discover obligations. All that seems to outstanding are the contested objections to certain interrogatories, and the Court is unwilling to put discovery on hold while those are sorted out. Thus, Plaintiff's request for a protective order, Docket No. 46, is DENIED, and Plaintiffs' counsel is ORDERED to be available for the depositions scheduled for May 28, 2015. Given the lateness of this Order, however, Plaintiff's deposition can be rescheduled, though it must be done promptly. With that, Costco's motion is GRANTED IN PART and DENIED IN PART.

\* \* \*

Discovery in this case has become far too contentious too quickly, and Plaintiffs in particular seem overeager in accusing their opponents of malfeasance. Going forward, the parties must operate in good faith—and they must assume that their

| GARCIA-GARCIA v. COSTCO | Page 5 |
|---|---:|

opponents are doing likewise. Perceived violations of Rules or orders shall not be brought to the Court as a first resort; instead, *all* disputes regarding discovery or related matters *must* be conferred upon in good faith, either in person or by phone.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 26th day of May, 2015.

        <u>S/ SILVIA CARREÑO-COLL</u>
        UNITED STATES MAGISTRATE JUDGE